**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RHONDA M. HARRELLE, | DOCKET NUMBER |
| Appellant, | DC-315H-15-0425-I-1 |
| v. | |
| PEACE CORPS, | DATE: September 14, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rhonda M. Harrelle</u>, Arlington, Virginia, pro se.

<u>Charles Arthur Hobbie</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as MODIFIED by our finding that the appellant was an excepted-service appointee who had not completed 2 years of current continuous service, we AFFIRM the initial decision.

¶2      In October 2014, the agency appointed the appellant to an excepted-service position as a part-time Medical Pre-Service Assistant.  Initial Appeal File (IAF), Tab 17 at 23.  She was appointed under the authority of section 7(a) of the Peace Corps Act of 1961.  *Id*.  In its welcome letter, the agency stated that the appellant was appointed to a position in the excepted service for a 60-month term and was subject to a 12-month trial period.[2]  *Id*. at 24.  In February 2015, the agency issued a letter to the appellant stating that it was terminating her during her probationary period.  *Id*. at 21-22.

---

[2] There is conflicting evidence in the record as to whether the agency appointed her to a position in the excepted service for a term not to exceed 1 year, *see* IAF, Tab 17 at 23 (Standard Form (SF) 50 indicating an appointment "NTE 10/18/15"), or to a longer indefinite appointment subject to a 12-month trial period, *id.* at 24 (letter confirming the appellant's appointment to a 60-month appointment with a trial period ending October 19, 2015).  To determine the nature of the appellant's appointment, the Board does not simply consider the appellant's SF-50, but instead looks to the totality of the circumstances.  *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010).  Based upon the record as a whole, including the vacancy announcement, welcome letter, SF-50s, and termination letter, we find that the agency appointed the appellant to a position in the excepted service for a term of 60 months subject to a 12-month trial period.  *See* IAF, Tab 17 at 17, 23, 24, 29.

¶3       The appellant filed this Board appeal challenging her termination. IAF, Tab 1. The administrative judge issued an acknowledgment order that informed the appellant that the Board may not have jurisdiction over her appeal because she had not completed her probationary period. IAF, Tab 2 at 3-5. The appellant responded, asserting that she was not a probationary employee because she had prior Federal service from 1982 to 2011. *See* IAF, Tab 4 at 3, 7. She also asserted that the agency discriminated against her based upon her age and appeared to assert a claim of discrimination based upon her race and color, *id*. at 4, and she requested various monetary damages, IAF, Tab 7 at 3. The agency responded, asserting, inter alia, that the Board did not have jurisdiction because the appellant was a member of the Foreign Service and a probationer. IAF, Tab 18 at 9-14.

¶4       The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 22, Initial Decision (ID). Specifically, he found that the Board lacked jurisdiction because the appellant was terminated from a probationary position in the Foreign Service. ID at 4.

¶5       The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. She asserts, inter alia, that the agency discriminated against her, that she should be entitled to monetary damages, and that there were issues with her personnel file, leave, and thrift savings plan. *Id*. at 1-3. The agency has responded in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 5.[3]

¶6       The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Employees covered

---

[3] The appellant submits evidence with her petition for review and her reply. PFR File, Tab 1, Tab 5. We do not consider this evidence because the appellant has not shown that it is new and material evidence not previously available despite her due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

under 5 U.S.C. § 7511 and 5 U.S.C. § 4301 may appeal certain adverse actions to the Board. However, members of the Foreign Service are specifically excluded from the definition of "employee" for purposes of Board appeal rights. 5 U.S.C. §§ 4301(b)(2)(6), 7511(b)(6); *see Ang v. Department of State*, 103 M.S.P.R. 324, ¶ 6 (2006).

¶7        We agree with the administrative judge that the Board does not have jurisdiction over this appeal because the appellant was a member of the Foreign Service. *See* ID at 4. It is undisputed that the appellant was appointed under the authority of the Peace Corps Act of 1961, codified in pertinent part at 22 U.S.C. § 2506(a)(2), *see* IAF, Tab 1 at 18, which authorizes the President to utilize the authority of the Foreign Service Act (FSA) to carry out the functions of the Peace Corps.[4]  According to the Peace Corps Manual, "Peace Corps employees . . . are appointed members of the Foreign Service using authority contained in section 7(a)(2) of the Peace Corps Act and section 303 of the Foreign Service Act of 1980."[5]  Peace Corps Manual, MS 601.2.2, *available at* http://www.peacecorps.gov/about/policies/docs/manual (last visited August 18, 2015). We therefore find that the appellant, who was appointed under 22 U.S.C. § 2506(a)(2),  was a member of the Foreign Service as defined under 5 U.S.C. §§ 4301(2)(b) and 7511(b)(6), and that she therefore cannot challenge her termination before the Board under chapters 43 or 75. *See Ang*, 103 M.S.P.R. 324, ¶ 9.

¶8        Even if the appellant were not excluded from title 5 Board appeal rights by virtue of being a member of the Foreign Service, the Board still would not have jurisdiction over her appeal because she does not otherwise meet the definition of

---

[4] The President has delegated this authority to the Director of the Peace Corps. Exec. Order No. 12137, 44 Fed. Reg. 29023 (May 16, 1979).

[5] The FSA provides for a separate forum for appealing personnel actions. 22 U.S.C. §§ 4131-4140.

"employee" under 5 U.S.C. § 7511(a)(1)(C).[6] To meet the definition of "employee" under title 5 for purposes of Board appeal rights, a nonpreference-eligible, excepted-service appointee, such as the appellant: (1) must not be serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) must have 2 years of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *see Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). The appellant was not serving under an appointment pending conversion to the competitive service, and thus the first definition does not apply to her. Specifically, in its welcome letter, the agency stated that the appellant was being appointed to a 60-month appointment in the excepted service. IAF, Tab 1 at 31. We also find that the appellant did not have 2 years of current continuous service at the time of her termination. She was appointed in October 2014 and terminated in February 2015. IAF, Tab 17 at 17, 23. Although she had prior Federal service between 1982 and 2011, *see* IAF, Tab 4 at 7-8, current continuous service requires service immediately prior to the action at issue without a break in service of a work day, *Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 10 (2009).

¶9      Absent an otherwise appealable action, the Board does not have jurisdiction over the appellant's discrimination claims. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Regarding the appellant's claim for monetary damages, the Board has no

---

[6] Although the agency informed the appellant that her appointment was subject to a trial period, IAF, Tab 17 at 23-24, it indicated in its termination notice that she was serving a probationary period, *id.* at 21-22. The administrative judge referred to the appellant as a probationary employee in the acknowledgment order, IAF, Tab 2 at 3, and the initial decision, ID at 4. The term "probationary period" refers to the first year of service of most employees who are given career or career-conditional appointments in the competitive service. *See Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 14 (2014); *see also* 5 C.F.R. § 315.801. We therefore modify the initial decision to clarify that the appellant, who was appointed in the excepted service, was not serving a probationary period.

authority to award such damages absent a determination that an adverse action within its jurisdiction was taken because of discrimination or because of the appellant's protected whistleblowing activities. *See Bullock v. Department of the Air Force*, 93 M.S.P.R. 217, ¶ 9 (2003). Lastly, we find no basis to exercise jurisdiction over the appellant's remaining claims regarding her personnel file, leave, and benefits.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's

website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                   _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.